## TAYLOR ET AL. v. THE STATE.

1. BOND FOR COSTS: *In misdemeanors, covers cost in Circuit Court.*
   The bond for cost required in prosecutions in inferior courts for misdemeanors, includes the costs which accrue on appeal in the Circuit Court.

2. SAME: *Construction of statute.*
   It is only when the party prosecuted is *acquitted* that a judgment for the cost can be rendered against the prosecutor and his surety in the bond for cost. A *nol pros.* as to the defendant will not authorize such judgment.

ERROR to *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*W. C. Ford*, for appellants:

1. The appellants were only bound for the costs in the justice's court, and the defendant having been *convicted* there, the bond became void.

2. In any event, appellants could only be held liable in case of *acquittal*, but in this case the *prosecution was dismissed* by the Prosecuting Attorney. *Gantt's Digest*, secs. *2020-21-22.*

*Attorney-General Moore*, for the State.

EAKIN, J. Taylor prosecuted McRight, before a justice,

for malicious mischief in wounding a horse, giving bond for the costs, with J. M. Morgan as surety.

Defendant was convicted before the justice, and appealed to the Circuit Court, giving a supersedeas bond.

After a trial and conviction in the Circuit Court, and a new trial granted, there was a continuance. At the next term the State, by her attorney, entered a *nol pros.;* whereupon, the defendant was discharged, and the court rendered a judgment in his favor against the prosecutor and his surety for the costs in both courts. They sue out this writ of error, and contend that the bond could properly apply only to the costs in the justice's court, where the accused was convicted, and that their liability there ceased.

In this position they are mistaken. In prosecutions in the inferior courts for misdemeanors, a bond is required " for all the costs which may accrue in said prosecution." That is, in the whole case, till the prosecution be ended. The proceedings on appeal are in the same case, and are incurred in the course of the same prosecution begun in the inferior court. The object of the statute is to discourage prosecutions at the public expense, which may be either frivolous, or prompted rather by private revenge than a sense of the public good. It would evade the policy of the statute to allow the prosecutor to shield himself and his surety by obtaining an erroneous conviction afterwards set aside and held for naught. It becomes as if never made.

Upon another point, however, there is manifest error. The statute provides (*Gantt's Digest, section 2022*) that " if the accused *be acquitted,* the court rendering the judgment of acquittal shall immediately render judgment for the costs against the principal and surety in the said bond."

The proceeding is a summary one, in derogation of the common law, and can not be extended beyond its express terms or plain implications. To decline to prosecute is not

an acquittal, and the case does not arise for the operation of the statute. It is not within its letter, nor very obviously within its policy, to put the surety so much within the power of the attorney for the State. If the State does not urge a trial, it must forego the summary judgment for costs. Outside of the statute, there is no power to render the judgment. *State v. Branum, 23 Ark., 540.*

Reverse so much of the judgment as is against the prosecutor and his surety for costs.